UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> FOUR THOUSAND, ONE HUNDRED ) </br> DOLLARS ($4,100.00) IN U.S. ) </br> CURRENCY, ) </br> ) </br> and ) </br> ) </br> THIRTY-ONE THOUSAND, TWO ) </br> HUNDRED AND SIXTY-ONE DOLLARS ) </br> ($31,261.00) IN U.S. CURRENCY, ) </br> ) </br> Defendants. ) | No. 4:19-CV-1724-RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's (the "government") motion to strike claim pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. Claimant Demond McDaniels has not filed a response and the time to do so has passed. For the reasons discussed below, the government's motion will be granted.

**I.      Background**

On June 19, 2019, the government filed a verified complaint for forfeiture against four thousand, one hundred dollars ($4,100) in U.S. Currency and thirty-one thousand, two hundred and sixty-one dollars ($31,261) in U.S. currency (collectively the "defendant currency"), alleging that such property is subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance. Doc. 1.

The complaint alleges that Demond McDaniels was traveling westbound on Interstate 70 when he was stopped by police officers for allegedly traveling at 89 miles per hour in a 55 mile per hour zone. During the traffic stop, the defendant currency was found in two separate bags, wrapped in rubber bands, and in denominations consistent with drug trafficking. In addition to the defendant currency, law enforcement discovered twelve cell phones and a California identification card for an individual who was arrested at the St. Louis Lambert International Airport for possession of fifty pounds of marijuana two days prior to the traffic stop. The vehicle was subjected to a K9 sniff and the dog gave an affirmative response to the presence of the odor of a controlled substance.

On July 26, 2019, Mr. McDaniels filed a verified claim and answer to the government's complaint for forfeiture, alleging he is the rightful owner of the defendant currency and it should be returned to him. Doc. 6. On September 10, 2019, the government sent its first set of special interrogatories to claimant pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). Doc. 15-1. The government states that the purpose of the special interrogatories was to determine whether claimant had a factual or legal basis to assert a claim to the defendant currency.

On September 23, 2019, claimant filed a motion for a sixty (60) day enlargement of time to respond to the government's special interrogatories. Doc. 10. On October 7, 2019, the Court granted claimant's motion for extension of time but directed him to provide answers within fourteen (14) days from the date of the Order or no later than October 21, 2019. Doc. 12. The Court denied the full request for a sixty (60) day extension because claimant's motion "did not

take issue with any specific interrogatories or provide an explanation as to how the interrogatories are so burdensome that a lengthy sixty (60) day extension is warranted." Id. at 3.

On January 6, 2020, the government filed the instant motion to strike claim. The government states it has not received claimant's answers to the special interrogatories and argues that by failing to respond to the special interrogatories, claimant fails to establish statutory standing to contest the forfeiture of the defendant property. Doc. 15.

## II. Discussion

A motion to strike is a proper method by which to resolve an issue concerning a claimant's standing and interest in property in a forfeiture proceeding. See United States v. Ford 250 Pickup 1990, VIN 1FTHX26M1KA69552, 980 F.2d 1242 (8th Cir. 1992). "If a court decides that a movant does not have standing, then the court cannot proceed[.]" United States v. $11,071,188.64 in U.S. Currency, 2014 WL 301014, at *1 (E.D. Mo. Jan. 28, 2014) (quoting United States v. $153,920.00 in U.S. Currency, 2009 WL 2176052, at *3 (C.D. Ill. July 20, 2009)).

To establish statutory standing under Rule G(5) of the Supplemental Rules, a "person who asserts an interest in the defendant property" must "state the claimant's interest in the property." Supp. R. Fed. R. Civ. P. G(5)(a)(i)(B). A verified claim and answer satisfies Rule G(5) of the Supplemental Rules when a claimant asserts he is the owner or has a possessory right to the seized property. See United States v. $579,475.00 in U.S. Currency, 917 F.3d 1047, 1049 (8th Cir. 2019) (en banc). While "Rule G sets a low threshold for the filing of a claim," Rule G(6) is the "mechanism to address unsubstantiated claims." Id. "Rule G(6) allows the government to serve special interrogatories that may be used to test the claimant's relationship to the property at any

time after the claim is filed, and a claimant's failure to comply with the interrogatory rule is grounds to strike the claim." Id. (citing Supp. R. G(8)(c)(i)(A)).

The Court has explained the significance of special interrogatories in civil forfeiture proceedings as follows:

> Rule G(6) of the Supplemental Rules authorizes the government to propound special interrogatories on a claimant in a civil forfeiture action to inquire broadly into the claimant's identity and relationship to the defendant property. The purpose of the rule is to provide the government with the means of determining whether claimants have standing to contest the forfeiture of the defendant property at the outset of the proceeding. If a claimant fails to respond to special interrogatories, the government may move to strike his claim.

United States v. One Hundred Ninety-Five Thousand, Five Dollars in U.S. Currency ($195,005.00), 2019 WL 3082651, at *1 (E.D. Mo. July 15, 2019) (citing Advisory Committee Note to Supp. Rules G(6) and 8(c)). "The Supplemental Rules minimize the danger of false claims." Id. (citing United States v. $39,557.00, More or Less, in U.S. Currency, 683 F.Supp.2d 335, 339 (D.N.J. Feb. 9, 2010)).

In the instant case, claimant's verified claim and answer to the complaint for forfeiture provides no information as to his interest in the defendant currency. Claimant merely states he is the "owner" and "possessor" of the defendant currency without any explanation as how the currency came into his possession. Doc. 6 at ¶¶ 1, 2. With such limited information regarding the claimant's interest to the defendant currency and because "the assertion of an 'interest in the property' that is necessary to satisfy Supplementary Rule G(5) may turn out to be false[,]" the government was entitled to "commence limited discovery" in the form of special interrogatories "for the purpose of gathering information that bears on the claimant's standing[.]" United States v. $284,950.00 in U.S. Currency, 933 F.3d 971, 973 (8th Cir. 2019). After claimant requested and

4

was granted an extension of time to respond to the government's special interrogatories, claimant has not submitted his answers which are now over three months past due. Claimant has also failed to respond to the instant motion to strike.

The Eighth Circuit has held that a district court abuses its discretion when it strikes a claim for a claimant's failure to adequately respond to special interrogatories "when no special interrogatories [are] necessary to determine standing," such as when the claimant states in his answer that the seized property was "money he had earned through his employment." United States v. $154,853.00 in U.S. Currency, 744 F.3d 559, 564 (8th Cir. 2014), overruled on other grounds by $579,475.00 in U.S. Currency, 917 F.3d 1047. When a claimant attributes the seized currency to a legitimate source, such as employment, there is a "colorable ownership interest" to satisfy the standing requirement. Id.

In contrast, the claimant here has not provided the government with any support for a colorable ownership interest as his verified answer and claim merely states he is the "owner" and "possessor" of the defendant currency. Without claimant's responses to the special interrogatories, the Court finds claimant has not sufficiently satisfied the requirements of Rule G(6) of the Supplemental Rules and does not have standing to contest the forfeiture of the defendant currency. See $284,950.00 in U.S. Currency, 933 F.3d at 974-75 (finding no abuse of discretion in striking claim when a claimant fails to obey an order to provide answers to special interrogatories); United States v. $27,970.00 in U.S. Currency, 2010 WL 933762, at *1 (S.D. Ga. Mar. 16, 2010) (granting government's motion to strike claim after claimant failed to respond to special interrogatories); United States v. $2,409.00 in U.S. Currency, 2010 WL 2670982, at *1 (D. Md. June 24, 2010) (same).

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's motion to strike claim pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Docket No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that claimant Demond McDaniels's verified claim and answer (Docket No. 6) be **STRICKEN** from the record.

Dated this 10th day of February, 2020.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE